SUAFALA WILLIAMS, Appellant,

v.

AMERICAN SAMOA GOVERNMENT, Appellee.

High Court of American Samoa
Appellate Division

AP No. 4-00

March 13, 2002

Before RICHMOND, Associate Justice, WARD,[*] Acting Associate Justice, LOGOAI, Chief Associate Judge, and ATIULAGI, Associate Judge.

Counsel: For Appellant, Bentley C. Adams III, Asst. Public Defender
For Appellee, John W. Cassell, Assistant Attorney General

## OPINION AND ORDER

Appellant Suafala Williams appeals his convictions of two felony counts of possession of a controlled substance, one involving methamphetamine, the other marijuana, in violation of A.S.C.A. § 13.1022, and of one misdemeanor count of discharge of a firearm, in violation of A.S.C.A. § 46.4231. Appellant petitions this Court to review two issues: (1) whether the trial court has discretion to consider different sentencing options under the drug possession statute, A.S.C.A. § 13.1022; and (2) whether the evidence was sufficient to convict appellant of the marijuana possession and of discharge of a firearm.

### Standard of Review

An appellate court will not set aside a trial court's findings of fact in the absence of clear error. A.S.C.A. § 46.2403(b); *Toleafoa v. Am. Samoa Gov't*, 26 A.S.R.2d 20, 21 (App. Div. 1994). "[T]he test is not whether facts in the record may support a decision for the appellant, but whether sufficient evidence supported the trial court's decision." *Toleafoa*, 26 A.S.R.2d at 21.

### Factual and Procedural Background

Shortly before 2:00 A.M. on August 21, 1999, outside the Koreana Lounge near Atu'u, police officers observed the appellant raise his hand into the air holding an object and then saw a flash of light and heard a gun shot. The appellant fled on foot from the police and was caught and apprehended with a .22 caliber automatic pistol in his possession. A lawful search subsequent to appellant's arrest found him in possession of marijuana and methamphetamine, two controlled substances.

---

[*] Honorable John L. Ward, II, Judge, District Court of American Samoa, serving by designation of the Secretary of the Interior.

Appellant was charged on August 25, 1999, with possession of methamphetamine (Count I), possession of marijuana (Count II), assault in the first degree (Count III), and discharge of a firearm (Count IV). The case was tried before a jury on February 9th, 10th, and 11th, 2000. The jury convicted appellant on Counts I, II, and IV. On February 23, 2000, appellant was sentenced to 10 years' imprisonment as to Count I, 10 years' imprisonment as to Count II to be served concurrent with the sentence on Count I, and one year imprisonment as to Count IV to be served consecutively. On March 7th, 2000, appellant filed a motion for reconsideration or new trial. On April 22, 2000, the motion was denied. Appellant filed a notice of appeal on May 1, 2000.

## Discussion

A. *Trial Court's Sentencing Options under A.S.C.A. § 13.1022*

Appellant alleges error by the trial court in its construction of the mandatory sentencing provision of A.S.C.A. § 13.1022, the possession of a controlled substance statute. He urges this Court to interpret the amended sentencing language of this statute in light of the standard court dispositional options as outlined under A.S.C.A. § 46.1902, thereby allowing a person convicted under the possession of controlled substance statute to receive a term of conditional and revocable probation rather than a mandatory minimum term of imprisonment.

■ We addressed the identical legal argument earlier in this term as raised and decided in *Faifaiese v. American Samoa Gov't*, 6 A.S.R.3d 10, 14-17 (App. Div. 2002). We are of the same opinion in this case and affirm the trial court's decision that A.S.C.A. § 13.1022 excludes probation from the court's sentencing options as both mandated and limited by this statute.

B. *Sufficiency of the Evidence*

■ The evidence presented at trial was sufficient to support a finding of guilt beyond a reasonable doubt for appellant's convictions of possession of a controlled substance (marijuana) and for discharge of a firearm. Beyond reasonable doubt is not treated as an impossible hurdle. *See generally Am. Samoa Gov't v. Uo*, 4 A.S.R.2d 14 (Trial Div. 1987) (burden of proof beyond a reasonable doubt in criminal cases does not prohibit trier of fact from drawing inferences from the evidence). If, upon review of the facts, it is determined that a rational trier of fact could find guild beyond reasonable doubt, the verdict must stand. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Appellant challenges admission of police Sgt. Ta`ase Sagapolutele's

testimony as an expert and the introduction of the results of his forensic analysis of the marijuana seized as reversible error. Admission of this evidence was not reversible error. We note that appellant has not challenged the sufficiency of evidence for his conviction for possession of methamphetamine.

Appellant claims the trial court erred in admitting the results of the Duquenois-Levine Field Test conducted by Officer Sagapolutele upon the substance seized from appellant. This court was also presented with nearly identical arguments on this issue by the appellant in *Faifaiese*, differing only in the identity of the police officer administering the field test. Based upon the standard of review set forth in *Faifaiese* as applied to the facts of the instant appeal, we affirm the admissibility of the Duquenois-Levine Field Test results into evidence at appellant's trial as being well within the confines of the trial court's discretion.

We also apply the same standard as set forth in *Faifaiese* with respect to the trial court qualifying Sgt. Sagapolutele as an expert witness and admitting the results of his forensic analysis. The trial court was within its discretion to qualify Officer Sagapolutele as an expert witness and to allow his expert opinion testimony. Sgt. Sagapolutele had a particular expertise in this field and testing procedure, as demonstrated through his many years of experience in narcotics investigations, having been involved in over sixty narcotics cases, having been trained in visual, microscopic and chemical identification of marijuana on numerous occasions since 1987, including a recent training course in 1997. These factors establish the reliability of the testimony. Therefore, the trial judge's determination allowing his expert testimony was well within the granted discretion under T.C.R.Ev. 702 and the test established by U.S. Supreme Court in *Daubert v. Merrell Dow Pharmaceutical, Inc.*, 509 U.S. 579 (1993).

Appellant's next claim of insufficient evidence that appellant was knowingly in possession of marijuana also fails. Again, this identical issue was raised in *Faifaiese,* and we determined that the demonstrable presence of Tetrahydrocannabinol ("THC") in the substance possessed was sufficient to prove that substance to be marijuana. We so hold here.

Appellant's final claim was that there was insufficient evidence to support a conviction on Count IV (discharge of a firearm), under A.S.C.A. § 46.4231, which provides that: "It is unlawful for any person to discharge, explode, or set off any arms within 30 yards of any public road or highway, house, building, or airport in American Samoa." Under the provisions of A.S.C.A. § 46.3203(b), a defendant must act with the requisite *mens rea*, either "purposely or knowingly or recklessly," to be guilty.

38

■ Credibility of witnesses is uniquely a matter for determination by the trier of fact. *See Nat'l Pac. Ins. Co. v. Oto*, 3 A.S.R.2d. 94, 95 (App. Div. 1986). The jury chose to believe Officer Seva`aetasi's testimony as to appellant's discharging of the firearm. We will not substitute our judgment for that of jury and weigh the credibility of this testimony. *Id.* We only need to determine whether the evidence, as presented, supported the jury's finding. The officer's testimony supports the finding that appellant acted with the required *mens rea* to commit this offense. Therefore, this court will not find that the jury's decision on this charge was "clearly erroneous" as would be needed to find reversible error.

The evidence as presented at trial was sufficient to support the jury's findings.

### Order

For reasons stated above, the judgment in the trial court is affirmed.

It is so ordered.